**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WAYNE PASCALL,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-03018

Judge Jeffrey I. Cummings

Magistrate Judge Heather K. McShain

**DECLARATION OF WAYNE PASCALL**

I, WAYNE PASCALL, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the artist that created the Wayne Pascall Work. I make this declaration from matters within my knowledge save where otherwise stated.

3. I am an artist. I primarily work with acrylic paints, oils, and pencils to capture the beauty of life and express my unique vision. I am also a firm believer in the transformative power of ministry, which is reflected in my Christian-themed pieces. My artistic journey began at an early age. My father, an accomplished artist himself, played an integral role in sparking my creativity. Over the years, I honed my skills and expanded my creative horizons through high school art classes and higher-level studies. Though I paused my creative work to focus on other aspects of life, I was ultimately drawn back to the canvas, recognizing its profound power as a source of therapy, relaxation, and empowerment for

my own well-being. My artwork has been featured in various settings, including businesses, books, church bulletins, and websites, and I have published several books on the spiritual impact and transformative power of art.

4. I am the official source of products associated with the Wayne Pascall Work (the "Wayne Pascall Products"):




https://www.waynepascallart.com/584276/hem-of-his-garment/

5. I am the owner of the copyright registration for the Wayne Pascall copyrighted work, which is protected by United States Copyright Registration No. VA 2-453-996 (the "Wayne Pascall Work"). A true and correct copy of the copyright registration for the Wayne Pascall Work is attached hereto as **Exhibit 1**.

6. I control the quality of all materials and content that feature the distinctive Wayne Pascall Work.

7. Substantial time, money, and other resources have been expended in developing, advertising, licensing, and otherwise promoting the Wayne Pascall Work. As a result, the

image is widely recognized and exclusively associated by consumers, the public, and the trade with my name.

8. The success of the Wayne Pascall Work has resulted in significant infringement of my copyright. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in Second Amended Schedule A attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and importing unauthorized versions of the Wayne Pascall Work to consumers in this judicial district and throughout the United States.

9. I am aware of investigations related to internet-based infringement of the Wayne Pascall Work. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Wayne Pascall Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Wayne Pascall Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyright for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as **Exhibit 2**.

10. Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using my copyrighted material. Furthermore, monetary damages are difficult, if not impossible,

to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

11. My goodwill and reputation are irreparably damaged when the Wayne Pascall Work is used on unauthorized goods. I am further irreparably harmed by the unauthorized use of the Wayne Pascall copyrighted material because infringers take away my ability to control the nature and quality of products bearing the Wayne Pascall Work and derivative works.

12. I am further irreparably damaged due to a loss of exclusivity. The copyright rights in the Wayne Pascall Work are meant to be exclusive rights.

13. The marketing and distribution of the Wayne Pascall Work and derivative works are aimed at growing and sustaining sales. When infringers use the Wayne Pascall Work without authorization, the exclusivity associated with the Wayne Pascall Work, as well as my reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

14. Uncontrolled profiteering and pirating of the Wayne Pascall Work create the impression that the copyright rights associated with the Wayne Pascall Work may be infringed with impunity. The Wayne Pascall Work is distinctive and signifies to consumers that the products are authorized by me and are manufactured to my high-quality standards. When infringers use the Wayne Pascall Work on goods without authorization, the exclusivity of my products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Wayne Pascall Work cannot be compensated for financially since it erodes my ability to monetize the Wayne Pascall Work.

15. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 16, 2026.

Wayne Pascall

Wayne Pascall